In re Assignment of Lange & Leihammer Manufacturing Company: Wanderer, Respondent, vs. Bahr, Assignee, Appellant.

*January 8—January 28, 1902.*

*Voluntary assignment: Examination of books of assignor: Costs, when chargeable to estate: Primary liability of creditor therefor.*

Sec. 1693b, Stats. 1898, provides that an assignee for the benefit of creditors, or any creditor of the assignor, may have an order for the inspection of the books of the assignor, etc., and that "if such examination is held at the instance of the assignee the

expense thereof shall be chargeable to the estate; otherwise at the expense of the creditor or the estate as the officer before whom it is held shall determine and certify that it was instituted for the benefit of the creditors or for other reasons." *Held:*

(1) Expenses incurred by creditors, prior to the examination, for the services of expert accountants are no part of the expenses of the examination which may be charged against the estate.

(2) The creditor instituting the examination is primarily liable for the expenses thereof, and if the expenses are certified as properly chargeable to the estate, they are payable to such creditor and not to the person who rendered the services on the examination.

(3) If the officer certifies that an examination, instituted by creditors, was instituted for the benefit of creditors, the expense thereof must be paid by the creditors; if for other reasons then the expense must be paid by the estate.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

On July 30, 1898, the Lange & Leihammer Manufacturing Company made a voluntary assignment to appellant, *William A. Bahr,* who accepted said trust and duly qualified as assignee. Thereafter Riemer & Brodesser, as creditors, instituted proceedings before W. J. McElroy, a court commissioner, for an examination of the books and the officers of said assignor and others, under sec. 1693*b*, Stats. 1898. Such examination was had, and the commissioner made a certificate that the proceeding was instituted in good faith and for the benefit of the creditors of the assignor, and that the expense should be paid out of the funds in the hands of the assignee. He taxed such expenses as follows:

Attorney fees to L. G. Wheeler ........................... $75 00
Fees for expert accountant, Geo. H. Cronyn, who examined
    the books of the assignor .............................. 150 00
Fees to the undersigned court commissioner .............. 65 74

    Total ............................................... $290 74

Thereafter the respondent filed a petition in the circuit court, and obtained an order to show cause on the assignee why he should not pay him said sum of $150, as the assignee of Cronyn. His petition sets out the assignment, the order for examination, and the proceedings thereunder. He then adds:

"That in order to facilitate said examination, and for the purpose of enabling the creditors of said assignor to obtain additional facts in relation to its books and accounts, one George H. Cronyn was employed as an expert accountant, and rendered services in that capacity prior to said examination, and for the purpose of enabling the creditors to ascertain the full facts in relation to the business transactions of the said assignor; that said services so performed by said George H. Cronyn were valuable, and for the benefit of the creditors of said assignor."

He also alleged an assignment to him of Cronyn's claim, and that the assignee had sufficient funds to pay the same. The assignee made objection to the allowance and payment of this claim on the ground that it was no part of the expense contemplated by sec. 1693b, and that the inspection of the books made by Cronyn was no part of the examination made before the court commissioner, but that the claim was for services rendered at the request and under the direction of Riemer & Brodesser prior to said examination. Affidavits setting out the situation were submitted to the court, who thereafter made an order directing the assignee to pay the plaintiff the amount of said claim out of the funds in his hands. From the order so made, the assignee has taken this appeal.

For the appellant there was a brief signed by *Friend & Trottman,* attorneys, and *M. M. Riley,* of counsel, and a brief in reply by *Friend & Trottman,* and oral argument by *James F. Trottman.*

For the respondent there was a brief by *Roemer & Aarons,* and oral argument by *C. L. Aarons.*

BARDEEN, J. This case presents the single question whether the claim sought to be enforced is a lawful claim against the assigned estate. Sec. 1693*b*, Stats. 1898, provides that the assignee or any creditor may have an order for the inspection of the books of the assignor, and for his examination and that of other witnesses as to the business affairs and condition of the assignor. The last clause of the section is as follows:

"If such examination is held at the instance of the assignee the expense thereof shall be chargeable to the estate; otherwise at the expense of the creditor or the estate as the officer before whom it is held shall determine and certify that it was instituted for the benefit of the creditors or for other reasons."

The examination out of which the claim in suit is said to have arisen was instituted by Riemer & Brodesser, who were creditors of the assignor. The court commissioner certified that it was instituted in good faith and for the benefit of the creditors, and he taxed as costs of such examination the expense incurred by the moving creditors, before it was instituted, for services of an expert bookkeeper in making an inspection of the assignor's books. On the basis of such certificate and taxation the court directed the assignee to pay such claim out of the proceeds of the assigned estate. There are several reasons why this order was unwarranted. In the first place, the only expenses the court has any power to make a charge against the assigned estate are the expenses of examination. These include the witness fees, officers' fees, and such other disbursements as are reasonably necessary in the proceeding. The expense incurred by creditors for the services of expert accountants, incurred prior to the examination, are no part of the expense thereof. It is the expense of the examination, and not the expense of creditors incurred prior thereto, that may be paid out of the assigned estate. Any other construction of the statute might lead to

abuses that would result in serious loss to the assigned estate. Moreover, the creditor who institutes the examination is the one primarily responsible for the expenses thereof. When the circumstances are such that it is proper to make the assigned estate responsible for such expenses, they are payable to him, and not to the individuals who may have appeared as witnesses, or to whom he may have become indebted on account thereof. The assignee is under no obligation to the persons who have appeared as witnesses, or who have claims against the creditor instituting the examination. Again, if the statute is to be construed as it reads, the circumstances are not present to warrant the order made. It says that, if the assignee instigates the examination, the expenses shall be paid out of the assigned estate; "otherwise at the expense of the creditor or the estate as the officer before whom it is held shall determine and certify that it was instituted for the benefit of the creditors of the assignor or for other reasons." Giving the wording its grammatical and logical construction, it means that, if the officer shall certify that the examination was instituted for the benefit of creditors, then it shall be at the expense of creditors; if for other reasons, then at the expense of the estate. This is the plain reading of the law, according to its terms, but directly contrary to the construction contended for by the respondent. If the legislative intent was as the latter contends, the grammatical construction of the sentence is exceedingly unfortunate, and calls for further legislation.

*By the Court.*—The order is reversed, and the matter is remanded with directions to the court to enter an order denying the petition.